IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-1136-WYD-CBS

MATHEW TINLEY,

    Plaintiff,

v.

POLY-TRIPLEX TECHNOLOGIES, INC., a Florida corporation, and
W. CHRIS BLANE,

    Defendants.

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to such materials, pursuant to the Court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties, IT IS ORDERED:

1.     **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as otherwise provided under this Order, no stamped confidential document may be disclosed to any person.

A "stamped confidential document" means any document which bears the legend "Confidential" to signify that it contains information believed to be subject to protection under Fed.R.Civ.P. 26(c). For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Fed.R.Civ.P. 34, subpoena, by agreement, or otherwise. Interrogatory answers,

responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

    2.    **Permissible Disclosures**. Notwithstanding paragraph 1, stamped confidential documents may be disclosed to any party; counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained in the documents, and their agents; and to Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

    (a)    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    (b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has been provided with a copy of this Order and is informed that

unauthorized disclosures of the stamped confidential documents constitute contempt of Court.

      3.    **Declassification**.  A party or aggrieved entity permitted by the Court to intervene for such purpose may apply to the Court for a ruling that a document or category of documents stamped as confidential and/or Copying Prohibited is not entitled to such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.  The parties shall first attempt to resolve any dispute relating to the protection of any documents at issue prior to petitioning the Court.  So long as the prevailing party has first attempted to resolve any such dispute prior to involving the Court, the prevailing party may recover its attorney fees and costs upon application to the Court.

      4.    **Confidential Information in Depositions**.

      (a)    A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained in the documents or if the provisions of paragraph 2 are complied with.  A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

      (b)    Parties and deponents may, within 15 days after receiving a deposition, designate pages of the transcript and associated exhibits as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential-Subject to Protection Pursuant to Court Order."  Until expiration of the 15-day period, the entire deposition will be treated

as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent improper disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing**. Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed.R.Civ.P. 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of doing so, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of

paragraph 2.

9. **Prohibited Copying**. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document. The prevailing party may recover its fees and costs upon application to the Court as set forth in paragraph 2.

10. **Use**. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation, including appeals and retrials, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, except as otherwise required by law.

11. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same other than exhibits of record shall be returned to the party or person that produced such documents, destroyed or otherwise archived in a confidential manner.

12. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in Court under seal.

14. **No Waiver**.

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

DATED at Denver, Colorado, this 30th day of October, 2007.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge