IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01136-WYD-KMT

MATHEW TINLEY,

    Plaintiff,

v.

POLY-TRIPLEX
TECHNOLOGIES, INC.,
a Florida corporation; and
W. CHRIS BLANE,

    Defendants.

## ORDER

This matter is before the court on plaintiff's "Motion to Compel Discovery" [Doc. No. 34, filed January 17, 2008]. The defendants filed "Defendant's Response in Opposition to Plaintiff's Motion to Compel Discovery" [Doc. No. 36, filed February 5, 2008] and plaintiff filed his "Reply Brief in Support of Motion to Compel Discovery ("Reply" [Doc. No. 41]) on February 25, 2008. On March 11, 2008, plaintiff submitted a "Supplemental Brief in Support of Motion to Compel Discovery" ("Supp. Br." [Doc. No. 42]).

### A. Legal Standard for Motion to Compel

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). Within this framework, the Court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may, among other actions, forbid the disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

### B. Legal Standard for Production of Privilege Log

Federal Rule of Civil Procedure 26 (b)(5)(A) provides

> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The usual method for compliance with Rule 26(b)(5)(A)(ii) is the creation of a "privilege log." *See Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir. 1984). Privilege logs are only applicable, however, when the responding party to a discovery request acknowledges that certain evidence is responsive to the request which would be otherwise subject to production, chooses to withhold production because the evidence is protected by a recognized privilege.

In general, a privilege log should identify "the withheld documents, the names of individuals to whom the documents were circulated, the author, the date of its communication to others, and the privilege ascribed to the document, together with a declaration of counsel stating that the documents are fairly and correctly described in the privilege log. *Barclaysamerican Corp*. at 654.

The party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable. *Id. See In re Grand Jury Proceedings (Dorokee Co.),* 697 F.2d 277, 279 (10th Cir. 1983) (burden on party asserting a privilege); *United States v. Bump,* 605 F.2d 548, 551 (10th Cir. 1979) (burden is on party asserting that communication is protected by attorney-client privilege); *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 88 (W. D. Okla. 1980) (party objecting to discovery has burden of establishing that information sought is protected by work product doctrine).

### C. Plaintiff's Discovery Requests

#### 1. Privilege Log.

The plaintiff has properly requested that a privilege log be produced in compliance with the Federal Rules.

On the first page of the defendants' discovery responses (Motion to Compel, Exhibit B) the defendants interpose a general objection to ". . . discovery [which] seeks information protected by the attorney-client privilege, the attorney work-product privilege, or any other applicable privilege. These General Objections are hereby specifically incorporated by this reference into each response below as if fully restated therein." This court does not view such general objections to be obstreperous or evasive and such objections are routinely set forth to avoid accusations of waiver at a later date. However, general privilege objections neither alleviate nor create additional duties to comply with Federal Rule of Civil Procedure 26 (b)(5)(A) when a party **knows** there are specific documents responsive to a discovery request and purposefully withholds production of the document(s) or information on the basis of the stated privilege.

The only specific reference to responsive material which may be subject to privilege from disclosure occurs in the defendants' response to Request for Production of Documents No. 15 where defendants state, "all responsive, non-privileged documents currently known and in the possession, custody and/or control of Defendants have already been produced." The implication of this Response is that there are or may be privileged documents which were knowingly and purposefully withheld.

IT IS THEREFORE ORDERED that the Motion to Compel is GRANTED with respect to the plaintiff's request for a privilege log. The court ORDERS that in those instances where <u>any</u> party to this civil action has knowingly and purposefully withheld documents or information from production in discovery on the basis of a recognized privilege as discussed herein, a privilege log containing the information cited *infra* will be created and produced to all other parties within thirty (30) days of this Order.

2. **Interrogatory No. 1**[1]

Plaintiff has requested more specific information in response to the request that each person listed in the Supplement to Attachment "A" to Defendants' Initial Disclosures (Motion to Compel, Exhibit D) be identified and a summary of the discoverable information possessed by each provided. The defendants have provided the identification information for the persons listed, but the summary of the information possessed by that person is often couched in generalizations such as, ". . . has information concerning certain matters alleged in the pleadings, including Tinley's business practices." The court finds this level of response to be inadequate. The plaintiff is entitled to a more complete factual summary of the individual's alleged knowledge about the issues relevant to this case and the basis for such knowledge. The plaintiff is entitled to enough basic information to allow him to determine, for instance, why the individual is placed on the defendants' list of initial disclosure in the first instance. If the defendants more fully describe

---

[1] The interrogatory and request for production numbers utilized in this Order are in the same order and referenced in the same manner as in the Motion to Compel and the Response.

the information possessed by the person listed, the plaintiff can more readily cull his list of necessary potential interviews or depositions and therefore save time and expense in trial preparation.  Given that the defendants chose to include the person in their initial disclosures, the defendants are already knowledgeable about, at least, the general nature of the prospective witness's potential testimonial knowledge.

It is therefore ORDERED that the Motion to Compel is GRANTED in part as to Interrogatory No. 1.  As to each named person in Attachment "A" to Defendants' Initial Disclosures (Motion to Compel, Exhibit D), the defendants shall describe with specificity which matters alleged in the pleadings about which the person has information and how those matters relate to the case, to the parties, or to potential admissible evidence.

### 3. Interrogatory No. 4.

This interrogatory requests information about money which was allegedly advanced to plaintiff Tinley during the course of his association with defendants.  The defendants produced spreadsheets at the deposition of the plaintiff which they believed were responsive to the interrogatory.  The defendants also identified the persons who might testify about the issue. Further and more detailed information should and could be obtained at the deposition of defendant, Chris Blane.  The defendants have offered to allow the plaintiff to depose Mr. Blane on this issue without counting against the plaintiff's statutory time limitations. (Response at 8)  The court finds the defendants' response to this interrogatory to be adequate.

Therefore it is ORDERED that the Motion to Compel is DENIED with respect to Interrogatory No. 4.

### 4. Interrogatory No. 5.

This interrogatory requests information about "draws" which Mr. Tinley was alleged to have taken from PTT as employee advances. The defendants responded with information about the money at issue, produced spreadsheets at the deposition of the plaintiff and identified the persons who might testify about the issue. Further and more detailed information should and could be obtained at the deposition of defendant Chris Blane. The court finds the defendants' response to this interrogatory to be adequate.

Therefore it is ORDERED that the Motion to Compel is DENIED with respect to Interrogatory No. 5.

### 5. Interrogatory No. 6 and Requests for Production of Documents Nos. 6 and 15.

These discovery requests seek information about the "present value" of the various classes of membership interest in PTI. The defendants responded by providing year-end financials of PTI for 2004 - 2006 and for two months in 2007. From those financial records, the plaintiff or his experts can calculate their own "present value" calculations for a membership interest. The plaintiff is not entitled to speculative opinion from the defendants on this issue. However, the court does find the financial information requested to be relevant and discoverable on an ongoing basis.

It is therefore ORDERED that the Motion to Compel as to Interrogatory No. 6 and Requests for Production of Documents Nos. 6 and 15 is GRANTED in part and DENIED in part. Defendants are ordered to produce comparable financial information as was provided with respect to the years 2004 - 2006 for PTI as to the year 2007, and further to provide on a continuing basis the monthly financial information for PTI as was provided previously for the first two months of 2007.

### 6. Interrogatory No. 7 and Request for Production of Documents No. 7.

This interrogatory seeks information about each sale of PTI membership interests by Chris Blane and each solicitation to purchase or to sell any class of membership interest in PTI by Chris Blane or any person acting on his behalf and the identity each person who purchased or sold any class of membership interest from September 1, 2006.

The intent of the parties' with respect to the association of Mr. Tinley and Mr. Blane and both PTI and PTT is the primary issue in the case. Therefore, any document created or adopted by Mr. Blane or any of his associates or other companies or representatives, which set forth the role, membership interest, future interest, stock holdings or partnership of Mr. Tinley is relevant evidence and should be produced in discovery. The same is true of any known representation(s) by Mr. Blane to any other person(s) on the same issues. The documents submitted to the court, particularly Exhibit B to the Reply, suggest that at least some solicitations of persons to acquire a membership interest in PTI do contain this kind of relevant information.

Additionally, both parties concur that the plaintiff is entitled to receive the Private Placement Memorandum referenced in the Motion, however the plaintiff states he does not have the document in his possession.

The court does not see the relevance or the potential for relevant evidence to be developed from any third-parties' financial information underlying a purchase of membership in PTI.  The Supplemental Brief filed by the plaintiff states that the defendants have voluntarily provided the names,  addresses and percentage interest in PTI of each person or entity who actually did purchase a membership interest in PTI. (Supp. Br. at 2)    The financial information which the court has ordered produced or which has previously been produced with respect to Interrogatory No. 6 and Requests for Production of Documents Nos. 6 and 15 should document the purchase price or provide the data with which purchase price information could be deduced, for any new membership at the time the membership interest was purchased.

Therefore it is ORDERED, the Motion to Compel as to Interrogatory No. 7 is GRANTED in part and DENIED in part.  The defendants will produce forthwith a copy of the Private Placement Memorandum to the plaintiff.  Further, the defendants will produce to the plaintiff within twenty days of this Order, any and all solicitations or other related documents which were created or adopted by Mr. Blane or any of this associates or other companies or representatives,  which addressed in any manner the role, membership interest, future interest, stock holdings or partnership of Mr. Tinley in PTI or PTT and any and  all sale or other related documents involved in any actual purchase of membership interest which addressed in any manner

the role, membership interest, future interest, stock holdings or partnership of Mr. Tinley in PTI or PTT. The defendants will be allowed to redact from such documents information concerning the private financial information of any investor mentioned or implicated in the documents produced in accordance with this Order. Further, in addition to the production of relevant documents, the defendants will supplement their response to Interrogatory No. 7 in accordance with this Order and will identify the exact date when the last sale of any membership interest in PTI occurred.

### 7. Requests for Production of Documents No. 8.

This request concerns documents evidencing credit extended to or solicited by PTT or Chris Blane.

The financial records previously produced and the financial records ordered to be produced in connection with Interrogatory No. 6 and Requests for Production of Documents Nos. 6 and 15 should contain information evidencing credit extended to PTT or PTI. The court does not see any relevance in the request for documents concerning solicitation for credit, unless those documents addressed in any manner the role, membership interest, future interest, stock holdings or partnership of Mr. Tinley in PTI or PTT.

The Motion to Compel is therefore GRANTED in part and DENIED in part with respect to Request for Production of Documents No. 8. The defendant will produce any documents evidencing credit extended to or solicited by PTT or Chris Blane only to the extent such

documents addressed in any manner the role, membership interest, future interest, stock holdings or partnership of Mr. Tinley in PTI or PTT.

### 8. Request for Production of Documents No. 9.

Based on the plaintiff's Supplemental Brief, this issue appears to have been resolved by the defendants' most recent production.

Therefore, the Motion to Compel is DENIED as moot as to Request for Production of Documents No. 9.

### 9. Request for Admission No. 6.

The plaintiff has requested that Mr. Blane admit he represented to Mr. Tinley that 45% of the membership interests in PTI were held by investors brought in by Chris Blane. The court notes that there is no qualifying or approximation language in the request and the defendant denies making an exact representation to the plaintiff. The denial of the request for admission is appropriate and reasonable.

It is therefore ORDERED that the Motion to Compel is DENIED as to Request for Admission No. 6.

### D. Additional Findings of Fact and Orders

To the extent any party determines that a document or other evidence produced in accordance with this Order falls under the Protective Order previously entered in this case, the

parties are directed to comply with the provisions of the Protective Order with respect to noticing the confidential nature of the production.

The obligations and duties imposed upon the parties by this Order, as well as by the Federal Rules of Civil Procedure, and other applicable statutes and laws of the United States are ongoing and apply with equal force to prospective discovery in this case.

DATED this 18th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge