IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01136-WYD-KMT

MATHEW TINLEY,

    Plaintiff,

v.

POLY-TRIPLEX TECHNOLOGIES, INC., a Florida corporation; and
W. CHRIS BLANE,

    Defendants.

---

**ORDER**

---

    THIS MATTER comes before the Court for resolution of Plaintiff's equitable claim for promissory estoppel following a jury trial on Plaintiff's breach of contract claim and Defendants' counterclaims for breach of an implied contract for money had and received. The jury trial took place over two weeks beginning Monday April 5, 2010.

    By way of background, I note that this case involves a dispute over the business relationship between Plaintiff Mathew Tinley and Defendants W. Chris Blane ("Blane") and Poly-Triplex Technologies, Inc. ("PTT"). PTT is a Florida corporation, incorporated in February, 2003, that manufactures a product used to rehabilitate manholes. In September 2003, Defendant Blane organized Poly-Triplex Investors, LLC ("PTI") as a vehicle to acquire PTT's shares, and solicited membership interests in PTI. In June, 2004, PTI acquired 100% of PTT's shares. Plaintiff eventually became president and CEO of PTT. However, at trial, the parties vigorously disputed the terms of Plaintiff's

employment with PTT. According to Plaintiff, in September 2004, he entered into a written agreement with Defendant Blane, acting on his own behalf and on behalf of PTT, which provided (1) that Plaintiff would be president and CEO of PTT and could only be removed by unanimous consent of PTT's board of directors (comprised solely of Plaintiff and Defendant Blane); (2) that Plaintiff would have sole responsibility for the day to day operations of PTT; (3) that Plaintiff would receive a base annual salary of $300,000, increased annually by a cost of living adjustment; (4) that Plaintiff and Defendant Blane would divide equally any percentage interest in PTI (after recovery by Defendant Blane of his initial investment in PTT after June 22, 2004) not held by persons or entities unaffiliated with Defendant Blane (who allegedly represented that 45% of the membership interests in PTI were held by other investors brought in by Defendant Blane); and (5) that PTT would pay Plaintiff a $900 monthly car allowance, provide paid vacation, comprehensive medical and dental insurance and reimbursement for all expenses related to carrying out Plaintiff's duties and responsibilities. Plaintiff refers to this agreement as the "Tinley Agreement." Plaintiff contends that Defendants breached the Tinley Agreement, interfered with his management of PTT, failed to reimburse him for certain expenses, improperly terminated him, and refused to provide documentation substantiating his membership interest in PTI.

    Defendant Blane admitted that he met with Plaintiff to discuss Plaintiff's ongoing compensation and to formulate some program whereby Plaintiff might be eligible to receive stock or stock options which would vest upon certain goals being reached by PTT, but maintained that no agreement was ever reached. Defendant Blane contended

that he never signed the Tinley Agreement, never received it, and never saw the document, until the instant action was filed.  Defendant Blane denied that he improperly terminated Plaintiff and asserted that he advanced Plaintiff a total of $83,500.00 in loans which were never repaid.  Similarly, PTT presented evidence that Plaintiff improperly accepted $88,440.19 in expense reimbursements from PTT without providing proper documentation.

Plaintiff initially asserted claims for breach of contract, promissory estoppel, interference with contract (against Defendant Blane) and a claim for securities law violations pursuant to C.R.S. §§ 11-51-501 and 11-51-604 (against Defendant Blane).  Plaintiff's interference with contract claim was dismissed on summary judgment, and his securities law claim was dismissed pursuant to Fed. R. Civ. P. 50(a) before the matter was submitted to the jury.  Because the promissory estoppel claim was equitable in nature, the jury was instructed only as to Plaintiff's breach of contract claim and Defendants' counterclaims for breach of implied contract for money had and received.  The jury returned a verdict finding that Plaintiff and Defendants did not enter into the Tinley Agreement, which effectively foreclosed Plaintiff's breach of contract claim.  In addition, the jury found in favor of Defendants on their counterclaims and awarded money damages.

I must now determine whether Plaintiff is entitled to any relief on his claim for promissory estoppel.  Promissory estoppel is an equitable doctrine, providing a remedy for individuals who rely to their detriment, under certain circumstances, on promises, despite the absence of any mutual agreement by the parties on all of the essential

terms of a contract.  *Wheat Ridge Urban Renewal Authority v. Cornerstone Group XXII, LLC*, 176 P.3d 737, 741 (Colo. 2007); *Snow Basin LTD v. Boettcher & Co.*, 805 P.2d 1151, 1154 (Colo. App. 1990).  The court is the ultimate fact-finder with respect to a promissory estoppel claim.  *Snow Basin*, 805 P.2d at 1154.  The elements of a promissory estoppel claim are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonable have expected that the promise would induce action or forbearance by the promisee; (3) the promisee in fact reasonable relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice.  *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995); Restatement 2nd of Contracts § 90.  Recovery on a theory of promissory estoppel is incompatible with the existence of an enforceable contract.  *Wheat Ridge*, 176 P.3d at 741.

Here, the jury found that Plaintiff and Defendants did not enter into an express contract.  Therefore, it is possible for Plaintiff recover on an alternate theory of promissory estoppel.  However, I find that the evidence presented during the nearly two week trial does not support a finding in Plaintiff's favor on this claim.  First, I find that Defendants did not promise Plaintiff that he would be employed under the terms set forth in the alleged Tinley Agreement.  Moreover, even if Defendant Blane made promises to Plaintiff concerning his employment, Plaintiff did not rely on these promises to his detriment.  The essence of a promissory estoppel claim is detrimental reliance.  I am not persuaded that Plaintiff relied on any of Defendant Blane's alleged promises to his detriment.  Even accepting that his employment was prematurely terminated, I find that Plaintiff did not present evidence of damages he suffered in reliance on a promise

of future employment. Therefore, justice does not require that the alleged promises be enforced. I find that Plaintiff has not proven his promissory estoppel claim, and I decline to award any relief in connection with this claim. In accordance therewith, it is hereby

ORDERED that Judgment shall enter in favor of Defendants on Plaintiff's claim for promissory estoppel.

Dated: April 19, 2010

BY THE COURT:


s/ Wiley Y. Daniel

Wiley Y. Daniel

Chief U. S. District Judge